UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Clerk may issue the writ of continuing garnishment.

UNITED STATES OF AMERICA,

Plaintiff,

v.

Franklin D. Campbell

Defendant,

and

ASPEN SKIING COMPANY

Garnishee.

Civil Docket No.

12-mc-00267-PKC

Application granted.
SO ORDERED
[illegible signature]
USDJ
9-11-26

## APPLICATION FOR WRIT OF CONTINUING GARNISHMENT

The United States of America hereby makes application in accordance with 28 U.S.C. § 3205(b)(1) to the Clerk of the United States District Court to issue a Writ of Continuing Garnishment against property, in which the Defendant-Judgment Debtor Franklin D. Campbell ("Debtor") has a substantial nonexempt interest, in order to satisfy the judgment registered on August 9, 2012 in the amount of $19,271.38 in United States v. Franklin D. Campbell , Civil Docket 1:12-mc-00267 (S.D.N.Y.)

The judgment balance is $35,531.14 as of September 10, 2026.

Debtor's last known address is: 204 Callecita Pl., Apt 3, Sante Fe, NM 87501.

More than thirty (30) days has elapsed since demand for payment of the above-stated debt was made upon the Debtor and Debtor has failed to satisfy the debt.

The Garnishee is believed to owe or will owe money or property to the Debtor,

or is in possession of property of the Debtor, and said property is a nonexempt interest of the Debtor.

The name and address of the Garnishee or his authorized agent is:

ASPEN SKIING COMPANY
601 E. Dean St
Aspen, CO 81611

Dated: New York, New York
September 10, 2026

/s/ John Manfredi
John Manfredi
Manfredi Law Group, PLLC
Attorney for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff

v.

Franklin D. Campbell

Defendant,

and

ASPEN SKIING COMPANY

Garnishee.

Civil Docket No.

1:12-mc-00267-PKC

WRIT OF CONTINUING GARNISHMENT

GREETINGS TO: ASPEN SKIING COMPANY
Garnishee
601 E. Dean St
Aspen, CO 81611

This Writ of Continuing Garnishment is issued, pursuant to the filing of an Application for a Writ of Continuing Garnishment by the United States, against property, including nonexempt disposable earnings, in which the Defendant-Judgment Debtor ("Debtor") Franklin D. Campbell has a substantial nonexempt interest, including nonexempt disposable earnings, in order to satisfy the judgment registered in this Court on August 9, 2012 in United States v. Franklin D. Campbell , Civil Docket 1:12-mc-00267 (S.D.N.Y.).

No portion of the Judgment has been paid. Execution of the Judgment has not been stayed by any Court. The Judgment balance is $35,531.14 and interest is continuing to accrue.

The Defendant's last known address is 204 Callecita Pl., Apt 3, Sante Fe, NM 87501. The Garnishee, ASPEN SKIING COMPANY, is required to serve a written answer within ten (10) days of service of the Writ of Continuing Garnishment.

In its answer, the Garnishee must provide the following under oath:

a. Whether the Garnishee has in its possession, custody or control any property of the Debtor, including non-exempt, disposable earnings;

b. A description of such property and the value of such interest;

c. A description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and

d. The amount of the debt or other payments the Garnishee anticipates owing or paying to the Debtor in the future and whether the period for payment will be weekly or another specified period.

The Garnishee must file the original written answer to this writ within ten (10) days of receipt of this writ with Clerk of the Court at the following address:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

The Garnishee is further required to serve a copy of this answer upon the following:

Franklin D. Campbell
204 Callecita Pl., Apt 3
Sante Fe, NM 87501

and

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

In accordance with the Writ of Continuing Garnishment, the Garnishee is further required to withhold and retain, pending further order of the court, any property, including nonexempt disposable earnings, in which the Debtor has a substantial non-exempt interest and for which the Garnishee may become indebted to the Debtor.

Under the law, certain property may be exempt from this Writ of Continuing Garnishment. Property which may be exempt and may not be subject to this order is listed on the attached Claim for Exemption form.

**If the garnishee fails to answer the writ of continuing garnishment or withhold property in accordance with the writ, the United States may petition the court for an order requiring that the garnishee appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the debtor's nonexempt interest in such property (including non-exempt disposable earnings). The court may award a reasonable attorney's fee to the United States and against the garnishee if the writ is not answered within the time specified therein and a petition**

Case 1:12-mc-00267-PKC Document 5 Filed 09/11/26 Page 6 of 40

**requiring you to appear is filed as provided herein.**

Pursuant to 15 U.S.C. § 1674, the Garnishee is prohibited from discharging the Debtor from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

It is unlawful to pay or deliver to the Debtor any item attached by this writ.

Dated: September 10, 2026

TAMMI M. HELLWIG
Clerk of the Court
United States District Court
Southern District of New York

By: ______________________________
DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

Franklin D. Campbell ,

Defendant,

and

ASPEN SKIING COMPANY

Garnishee.

Civil Docket No.

1:12-mc-00267-PKC

INSTRUCTIONS TO DEFENDANT-JUDGMENT DEBTOR
CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT

You are hereby notified that property in which you have a substantial non-exempt interest, including non-exempt, disposable earnings, is being garnished from ASPEN SKIING COMPANY (the "Garnishee") by the United States, which has a court judgment entered on August 9, 2012 against Franklin D. Campbell, Defendant Judgment Debtor ("Debtor"), in United States v. Franklin D. Campbell , Civil Docket 1:12-mc-00267.

The judgment is unpaid. Interest is continuing to accrue.

In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States if you can

Case 1:12-mc-00267-PKC Document 4-2 Filed 09/10/26 Page 2 of 15

show that the exemptions apply. Property which may be exempt and may not be subject to this order is listed on the attached Claim for Exemption form.

If you are Franklin D. Campbell, you have a right to ask the court to return your property to you if you think the property that the United States is taking qualifies under one of the above exemptions or if you think you do not owe the money to the United States that it says you do.

Further, if you think you live outside the federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding be transferred by the court to the federal judicial district in which you reside. You must make your request for a transfer in writing, and either mail it or deliver it in person to the Clerk of the Court at the following address:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl St
New York, NY 10007

You must also send a copy of your request to the United States at the following address:

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

If you want a hearing, because you think the property that the United States is taking qualifies under one of the above exemptions or if you think you do not owe the money to the United States that it says you do, you must notify the court within 20 days after you receive this notice. You must make your request in writing, and either mail it or deliver it in

person to the Clerk of the Court at the following address:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl St
New York, New York 10007

If you wish, you may use this notice to request the hearing by checking the box below and mailing this notice to the Clerk of the Court at the following address:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl St
New York, New York 10007

You must also send a copy of your request to the United States at the following address:

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

so that the United States will know that you want a hearing.

The hearing will take place within 5 days after the Clerk of the Court receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing, you may explain to the judge why you believe that the property that the United States has taken is exempt or why you think that you do not owe the money to the United States.

Furthermore, ASPEN SKIING COMPANY as Garnishee, is required to file written answer to the Writ of Garnishment with the court. The Garnishee is further required to serve you with a copy of the answer.

You may also file a written objection to the answer of the Garnishee within 20 days after receipt of the answer. In your objection to the answer, you may also request a hearing.

Your written objection must set forth the grounds for any objection and you shall retain the burden of proving such grounds.

A copy of the objection and request for a hearing shall be filed with the Court, and copies served on Manfredi Law Group, PLLC 302 E. 19th Street, Suite 2A, New York, NY 10003 on behalf of the United States of America, and the Garnishee or counsel for the Garnishee, at the address below:

ASPEN SKIING COMPANY
601 E. Dean St
Aspen, CO 81611

If a hearing is requested, the court shall hold a hearing within 10 days after the request is received by the court, or as soon thereafter as is practicable. The court will give notice of the hearing date to all parties.

If you do not request a hearing within 20 days of receiving after receipt of the answer of the Garnishee, the court shall promptly enter an order directing the Garnishee as to the disposition of your nonexempt interest in the property.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of the Court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

Dated: September 10, 2026

TAMMI M. HELLWIG
Clerk of the Court
United States District Court
Southern District of New York

By: ______________________________
DEPUTY CLERK

☐ I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me ______________________________ by mail at
(Typed or Printed Name)

______________________________ or by telephone at ______________.
(Address) (Telephone Number)

Signature ______________________________ Date: ______________

**NOTICE TO DEFENDANT DEBTOR ON HOW TO CLAIM EXEMPTIONS**

The attached pre-judgment or post-judgment process has been issued upon the request of the United States of America.

The law provides that certain property and wages cannot be taken. Such property is said to be exempt. The attached Claim for Exemption form lists the exemptions under federal law. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the attached Claim for Exemption Form and (ii) deliver or mail the form to the clerk's office of this court and counsel for the United States. You have a right to a hearing within five business days, or as soon as practicable, from the date you file your claim with the court.

If the United States of America as creditor is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is described on the on the last page of the attached Claim for Exemption Form (see Important Statement). You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

If you request a hearing, you will be notified when it is scheduled by the court. On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

It may be helpful to you to seek the advice of an attorney in this matter.

## CLAIM FOR EXEMPTION FORM

You may elect to exempt certain property from garnishment or other action or proceeding under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. See 28 U.S.C. § 3014.

This statute provides that if you elect to exempt property you must choose to elect property that is described in paragraph (1) ***or***, in the alternative, paragraph (2), set forth below.

(1) property that is specified in section 522(d) of title 11, as amended from time to time; ***OR***

(2) (A) any property that is exempt under Federal law, other than paragraph (1), or State or local law, that is applicable on the date of filing of the application for a remedy under this chapter at the place in which the debtor's domicile has been located for the 180 days preceding the date of the filing of such application, or for a longer portion of such 180-day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the filing of such application, an interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable nonbankruptcy law.

28 U.S.C. § 3014(a)(1) and (2) (emphasis added).

### EXEMPTIONS UNDER 11 U.S.C. § 522(d) and 28 U.S.C. § 3014(a)(1)

### A. BANKRUPTCY CODE EXEMPTIONS-11 U.S.C. § 522(d)

___ I claim that the exemption(s) from garnishment which are checked below apply in this case:

Title 11, Section 522 generally provides for the following exemptions (the Bankruptcy Code Exemptions):

___ 1. The debtor's aggregate interest, not to exceed $31,575 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

___ 2. The debtor's interest, not to exceed $5,025 in value, in one motor vehicle.

___ 3. The debtor's interest, not to exceed $800 in value in any particular item or $16,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

___ 4. The debtor's aggregate interest, not to exceed $1,875 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

___ 5. The debtor's aggregate interest in any property, not to exceed in value $1,675 plus up to $15,800 of any unused amount of the exemption provided under paragraph (1) of this subsection.

___ 6. The debtor's aggregate interest, not to exceed $3,175.00 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

___ 7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

___ 8. The debtor's aggregate interest, not to exceed in value $16,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

___ 9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

___ 10. The debtor's right to receive ---

___ (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

___ (B) a veterans' benefit;

___ (C) a disability, illness, or unemployment benefit;

__ (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless--

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
(ii) such payment is on account of age or length of service; and
(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

__ (11) The debtor's right to receive, or property that is traceable to —

__ (A) an award under a crime victim's reparation law;

__ (B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (D) a payment, not to exceed $22,975, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

__ (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Case 1:12-mc-00267-PKC Document 4-2 Filed 09/10/26 Page 16 of 18

___ (12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

**NOTE:** The Bankruptcy Code Exemptions set forth in Section A above are those referred to in 28 U.S.C. § 3014(a)(1). If you have selected the Bankruptcy Code Exemptions, you may not claim the other exemptions set forth below.

Case 1:12-mc-00267-PKC Document 4-2 Filed 09/10/26 Page 11 of 19

**B. FEDERAL AND STATE EXEMPTIONS UNDER 28 U.S.C. § 3014(a)(2)**

**NOTE:** If you have selected the Bankruptcy Code Exemptions set forth in Section A, above, you may not also claim the federal or state law exemptions listed below.

___ I claim that the exemption(s) from garnishment which are checked below apply in this case:

(Paragraphs 1-11 below, generally sets forth some of the major federal benefits which may be subject to exemption). See Notes following 11 U.S.C. § 522.

___ 1. Foreign Service Retirement and Disability payments. See 22 U.S.C. § 4060(c)

___ 2. Social Security payments. See 42 U.S.C. § 407.

___ 3. Compensation for injury, death or detention of contractors with the United States outside the United States. See 42 U.S.C. § 1717.

___ 4. Wages of fishermen, seamen, and apprentices. See 46 U.S.C. §§ 11108 and 11109.

___ 5. Civil service retirement benefits. See 5 U.S.C. § 8346.

___ 6. Longshoremen's and Harbor Workers' Compensation Act death and disability benefits. See 33 U.S.C. § 916.

___ 7. Railroad Retirement Act annuities and pensions. See 45 U.S.C. § 231m, 45 U.S.C. § 352(e).

___ 8. Veterans' benefits. See; 38 U.S.C. § 5301.

___ 9. Special pensions paid to winners of the Congressional Medal of Honor. See 38 U.S.C. §§ 1562(c) and 5301.

___ 10. Annuities to survivors of federal judges. See 28 U.S.C. § 376(n).

___ 11. Annuities to members of armed services. See 10 U.S.C. § 1440.

Exemptions listed under 1 through 11 above may not be applicable in child support and alimony cases. See 42 U.S.C. § 659.

Paragraphs 12 - 19 below, generally set forth the New York State exemptions, as set forth in N.Y. C.P.L.R. §§ 5205 and 5206.

**NOTE:** The law of the state where you have been domiciled during the 180 days immediately preceding the filing of the instant proceeding, or for a longer portion of such 180-day period than any other place, governs your rights. If the state of your domicile is not New York, these exemptions might not apply.

**NOTE:** If you have selected the Bankruptcy Code Exemptions set forth in Section A, above, you may not also claim the state law exemptions listed below.

Some of the exemptions provided by New York State Law are:

__ 12. Personal property exemptions, such as: stoves and necessary fuel; family bible; family pictures; school books; other books, with a value not to exceed $675.00; seat of pew in a place of worship; certain domestic animals, with a total value not to exceed $1175.00; wearing apparel; household furniture; one refrigerator; one radio; one television set; necessary crockery, tableware, and cooking utensils; a wedding ring or watch, with a value not to exceed $1175.00 in value; and working tools of a trade, with a value not to exceed $4075.00, to the extent that such tools are necessary to the carrying on of the judgment debtor's profession or calling. See N.Y. C.P.L.R. 5205(a)

__ 13. Cause of action exemption to recover damages for the taking or injuring of exempt personal property. See N.Y. C.P.L.R. § 5205(b)

__ 14. Trust exemption for certain property held in trust for the judgment debtor, however, not to apply to a trust created by or from funds of the judgment debtor. See N.Y. C.P.L.R. § 5205(c).

__ 15. Exemptions for certain income, including, certain trust income, certain percentages of wage income, spousal and child support order income. See N.Y. C.P.L.R. § 5205(d).

__ 16. Other miscellaneous exemptions may include: income to members of the armed forces; unpaid milk proceeds; security deposits for rental of real property and utility services; certain medical equipment; certain provisions of life insurance policies; monies deposited in a New York state college choice tuition savings program trust. See N.Y. C.P.L.R. § 5205(e)-(l)

| Property claimed: | Fair Market Value: |
| --- | --- |
| ____________ | $____________ |
| ____________ | $____________ |

Case 1:12-mc-00267-PKC Document 4-2 Filed 09/10/26 Page 13 of 15

| | |
|---|---|
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |

___ 17. Homestead exemption, with a value not to exceed $170,700.00, for the equity in certain property owned and occupied as principal residence. Such property may include: a lot of land with a dwelling; shares of stock in a cooperative apartment corporation; condominium units, or a mobile home. See N.Y. C.P.L.R. § 5206(a)-(e)

| Address of Homestead/Real Property | Fair Market Value | Liens | Equity |
|---|---|---|---|
| ________________ | $_________ | $______ | $______ |

___ 18. Certain burial plots. See N.Y. C.P.L.R. § 5206(f)

___ 19. Other. Describe the basis of any other exemption you believe may apply and accurately describe property.

☐ I hereby claim the exemptions indicated above.

The statements made in this claim of exemptions and request for a hearing as to exemption entitlement are made and declared under penalty of perjury that they are true and correct. Notice of the hearing should be given to me at the address below:

____________________________
Signature of Debtor

____________________________
Debtor's printed or typed name

Address: Telephone Number:

____________________________ ____________________________

____________________________

____________________________

Case 1:12-mc-00267-PKC Document 5 Filed 09/14/26 Page 25 of 49

# IMPORTANT STATEMENT
(For Wage Garnishments Only)

This wage garnishment directs the withholdings of up to 25 percent of the judgment debtor's disposable income. In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income. See 15 United States Code § 1671, et seq.

## I. Possible limitations on the amount that can be withheld

A. If judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage, see 29 U.S.C. § 206(a)(1), no deduction can be made under this wage garnishment.

B. The maximum part of the aggregate disposable earnings of any individual for any work week which is subjected to garnishment may not exceed, the lesser of:

1. 25% of a judgment debtor's disposable earnings for that week, or

2. the amount by which the judgment debtor's disposable earnings exceed thirty times the federal minimum hourly wage prescribed by 29 U.S.C. § 206(a)(1) in effect at the time the earnings are payable.

C. The maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment to enforce any order for the support of any person shall not exceed --

1. Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50% of such individual's disposable earnings for that week; and

2. Where such individual is not supporting such a spouse or dependent child described in clause (1), 60% of such individual's disposable earnings for that week;

3. Except that, if and to the extent such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such work week, the 50% specified in clause (1) shall be deemed to be 55% and the 60% specified in clause (2) shall be deemed to be 65%.

See 15 U.S.C. § 1673.

## II. Definitions

**Disposable Earnings** - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** - Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.

Case 1:12-mc-00267-PKC Document 4-3 Filed 09/10/26 Page 1 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Franklin D. Campbell ,

Defendant,

and

ASPEN SKIING COMPANY

Garnishee.

Civil Docket No.

1:12-mc-00267 (PKC)

TO: ASPEN SKIING COMPANY
Garnishee
601 E. Dean St
Aspen, CO 81611

INSTRUCTIONS TO THE GARNISHEE

Attached is a Writ of Continuing Garnishment requesting that you determine whether you have in your possession, custody or control any property of the Defendant-Judgment Debtor ("Debtor").

You are further required to withhold and retain, pending further order of the court, any property in which the Debtor has a substantial non-exempt interest and for which you may become indebted to the Debtor, including non-exempt disposable earnings. See 28 U.S.C. § 3002(9).

Pursuant to the Writ of Continuing Garnishment you must serve a written answer within ten (10) days of service of the Writ of Continuing Garnishment.

In your answer you must state under oath and provide the following:

a. Whether you have in your possession, custody or control any property of the Debtor, including non-exempt, disposable earnings;

b. A description of such property and the value of such interest;

c. A description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt;

d. The amount of the debt or payments you anticipate owing or paying to the Debtor in the future and whether the period for payment will be weekly or another specified period.

The attached Claim for Exemption form, sets forth a list of property which may be exempt and thus not subject to the Writ of Continuing Garnishment.

**If you fail to answer the writ of continuing garnishment or withhold property in accordance with the writ, the United States may petition the court for an order requiring that you appear before the court to answer the writ and to so withhold property before the appearance date. If you fail to appear or appear and fail to show good cause why you failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the debtor's nonexempt interest in such property (including non-exempt disposable earnings). The court may award a reasonable attorney's fee to the United States and against you if the writ is not answered within the time specified therein and a petition requiring you to appear is filed as provided herein.**

If you have any additional questions, you may contact this office as set forth below:

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

Case 1:12-mc-00267-PKC Document 4-3 Filed 09/10/26 Page 3 of 19

## CLAIM FOR EXEMPTION FORM

You may elect to exempt certain property from garnishment or other action or proceeding under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. See 28 U.S.C. § 3014.

This statute provides that if you elect to exempt property you must choose to elect property that is described in paragraph (1) ***or***, in the alternative, paragraph (2), set forth below.

(1) property that is specified in section 522(d) of title 11, as amended from time to time; ***OR***

(2) (A) any property that is exempt under Federal law, other than paragraph (1), or State or local law, that is applicable on the date of filing of the application for a remedy under this chapter at the place in which the debtor's domicile has been located for the 180 days preceding the date of the filing of such application, or for a longer portion of such 180-day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the filing of such application, an interest as a tenant by the entirety or joint tenant, or an interest in a community estate, to the extent that such interest is exempt from process under applicable nonbankruptcy law.

28 U.S.C. § 3014(a)(1) and (2) (emphasis added).

### EXEMPTIONS UNDER 11 U.S.C. § 522(d) and 28 U.S.C. § 3014(a)(1)

### A. BANKRUPTCY CODE EXEMPTIONS-11 U.S.C. § 522(d)

___ I claim that the exemption(s) from garnishment which are checked below apply in this case:

Title 11, Section 522 generally provides for the following exemptions (the Bankruptcy Code Exemptions):

___ 1. The debtor's aggregate interest, not to exceed $31,575 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

___ 2. The debtor's interest, not to exceed $5,025 in value, in one motor vehicle.

Case 1:12-mc-00267-PKC Document 4-3 Filed 09/10/26 Page 4 of 19

___ 3. The debtor's interest, not to exceed $800 in value in any particular item or $16,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

___ 4. The debtor's aggregate interest, not to exceed $1,875 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

___ 5. The debtor's aggregate interest in any property, not to exceed in value $1,675 plus up to $15,800 of any unused amount of the exemption provided under paragraph (1) of this subsection.

___ 6. The debtor's aggregate interest, not to exceed $3,175.00 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

___ 7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

___ 8. The debtor's aggregate interest, not to exceed in value $31,575 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

___ 9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

___ 10. The debtor's right to receive ---

___ (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

___ (B) a veterans' benefit;

___ (C) a disability, illness, or unemployment benefit;

__ (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless--

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
(ii) such payment is on account of age or length of service; and
(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

__ (11) The debtor's right to receive, or property that is traceable to —

__ (A) an award under a crime victim's reparation law;

__ (B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

__ (D) a payment, not to exceed $31,575, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

__ (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

___ (12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

**NOTE:** The Bankruptcy Code Exemptions set forth in Section A above are those referred to in 28 U.S.C. § 3014(a)(1). If you have selected the Bankruptcy Code Exemptions, you may not claim the other exemptions set forth below.

Case 1:12-mc-00267-PKC Document 4-3 Filed 09/10/26 Page 7 of 19

**B.** **FEDERAL AND STATE EXEMPTIONS UNDER 28 U.S.C. § 3014(a)(2)**

**NOTE:** If you have selected the Bankruptcy Code Exemptions set forth in Section A, above, you may not also claim the federal or state law exemptions listed below.

___ I claim that the exemption(s) from garnishment which are checked below apply in this case:

(Paragraphs 1-11 below, generally sets forth some of the major federal benefits which may be subject to exemption). See Notes following 11 U.S.C. § 522.

___ 1. Foreign Service Retirement and Disability payments. See 22 U.S.C. § 4060(c)

___ 2. Social Security payments. See 42 U.S.C. § 407.

___ 3. Compensation for injury, death or detention of contractors with the United States outside the United States. See 42 U.S.C. § 1717.

___ 4. Wages of fishermen, seamen, and apprentices. See 46 U.S.C. §§ 11108 and 11109.

___ 5. Civil service retirement benefits. See 5 U.S.C. § 8346.

___ 6. Longshoremen's and Harbor Workers' Compensation Act death and disability benefits. See 33 U.S.C. § 916.

___ 7. Railroad Retirement Act annuities and pensions. See 45 U.S.C. § 231m, 45 U.S.C. § 352(e).

___ 8. Veterans' benefits. See; 38 U.S.C. § 5301.

___ 9. Special pensions paid to winners of the Congressional Medal of Honor. See 38 U.S.C. §§ 1562(c) and 5301.

___ 10. Annuities to survivors of federal judges. See 28 U.S.C. § 376(n).

___ 11. Annuities to members of armed services. See 10 U.S.C. § 1440.

Exemptions listed under 1 through 11 above may not be applicable in child support and alimony cases. See 42 U.S.C. § 659.

Paragraphs 12 - 19 below, generally set forth the New York State exemptions, as set forth in N.Y. C.P.L.R. §§ 5205 and 5206.

**NOTE:** The law of the state where you have been domiciled during the 180 days immediately preceding the filing of the instant proceeding, or for a longer portion of such 180-day period than any other place, governs your rights. If the state of your domicile is not New York, these exemptions might not apply.

**NOTE:** If you have selected the Bankruptcy Code Exemptions set forth in Section A, above, you may not also claim the state law exemptions listed below.

Some of the exemptions provided by New York State Law are:

___ 12. Personal property exemptions, such as: stoves and necessary fuel; family bible; family pictures; school books; other books, with a value not to exceed $675.00; seat of pew in a place of worship; certain domestic animals, with a total value not to exceed $1175.00; wearing apparel; household furniture; one refrigerator; one radio; one television set; necessary crockery, tableware, and cooking utensils; a wedding ring or watch, with a value not to exceed $1175.00 in value; and working tools of a trade, with a value not to exceed $4075.00, to the extent that such tools are necessary to the carrying on of the judgment debtor's profession or calling. See N.Y. C.P.L.R. 5205(a)

___ 13. Cause of action exemption to recover damages for the taking or injuring of exempt personal property. See N.Y. C.P.L.R. § 5205(b)

___ 14. Trust exemption for certain property held in trust for the judgment debtor, however, not to apply to a trust created by or from funds of the judgment debtor. See N.Y. C.P.L.R. § 5205(c).

___ 15. Exemptions for certain income, including, certain trust income, certain percentages of wage income, spousal and child support order income. See N.Y. C.P.L.R. § 5205(d).

___ 16. Other miscellaneous exemptions may include: income to members of the armed forces; unpaid milk proceeds; security deposits for rental of real property and utility services; certain medical equipment; certain provisions of life insurance policies; monies deposited in a New York state college choice tuition savings program trust. See N.Y. C.P.L.R. § 5205(e)-(l)

| Property claimed: | Fair Market Value: |
|---|---|
| ____________ | $____________ |
| ____________ | $____________ |

Case 1:12-mc-00267-PKC Document 4-3 Filed 09/10/26 Page 9 of 19

| | |
|---|---|
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |
| ____________ | $____________ |

___ 17. Homestead exemption, with a value not to exceed $170,700.00, for the equity in certain property owned and occupied as principal residence. Such property may include: a lot of land with a dwelling; shares of stock in a cooperative apartment corporation; condominium units, or a mobile home. See N.Y. C.P.L.R. § 5206(a)-(e)

| Address of Homestead/Real Property | Fair Market Value | Liens | Equity |
|---|---|---|---|
| ________________ | $________ | $______ | $______ |

___ 18. Certain burial plots. See N.Y. C.P.L.R. § 5206(f)

___ 19. Other. Describe the basis of any other exemption you believe may apply and accurately describe property.

☐ I hereby claim the exemptions indicated above.

The statements made in this claim of exemptions and request for a hearing as to exemption entitlement are made and declared under penalty of perjury that they are true and correct. Notice of the hearing should be given to me at the address below:

____________________________
Signature of Debtor

____________________________
Debtor's printed or typed name

Address: Telephone Number:

____________________________ ____________________________

____________________________

____________________________

**IMPORTANT STATEMENT**
(For Wage Garnishments Only)

This wage garnishment directs the withholdings of up to 25 percent of the judgment debtor's disposable income. In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income. See 15 United States Code § 1671, et seq.

**III. Possible limitations on the amount that can be withheld**

A. If judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage, see 29 U.S.C. § 206(a)(1), no deduction can be made under this wage garnishment.

B. The maximum part of the aggregate disposable earnings of any individual for any work week which is subjected to garnishment may not exceed, the lesser of:

1. 25% of a judgment debtor's disposable earnings for that week, or

2. the amount by which the judgment debtor's disposable earnings exceed thirty times the federal minimum hourly wage prescribed by 29 U.S.C. § 206(a)(1) in effect at the time the earnings are payable.

C. The maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment to enforce any order for the support of any person shall not exceed --

1. Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50% of such individual's disposable earnings for that week; and

2. Where such individual is not supporting such a spouse or dependent child described in clause (1), 60% of such individual's disposable earnings for that week;

3. Except that, if and to the extent such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such work week, the 50% specified in clause (1) shall be deemed to be 55% and the 60% specified in clause (2) shall be deemed to be 65%.

See 15 U.S.C. § 1673.

**IV. Definitions**

**Disposable Earnings** - Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** - Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Franklin D. Campbell ,

Defendant,

and

ASPEN SKIING COMPANY

Garnishee.

Civil Docket No.

1:12-mc-00267-PKC

ANSWER OF THE GARNISHEE

____________________________, BEING DULY SWORN DEPOSES AND SAYS:
(Affiant)

(Complete as Applicable)

IF GARNISHEE IS AN INDIVIDUAL:

That he/she is Garnishee herein doing business in the name of (Insert Full Name and Address of Business) ________________________________________________

____________________________________________________________________________.

IF GARNISHEE IS A PARTNERSHIP:

That he/she is a member of (Insert Name and Address of Partnership) ____________________

___________________________________________ composed of

(Insert Names of Partners)______________________________________________________

of which Garnishee is a partner.

IF GARNISHEE IS A CORPORATION:

That he/she is the (Insert Official Title) ______________________ of the Garnishee,

(Insert Name and Address of Corporation) ____________________________

_________________________________________________________________

(State Name and Address of Corporation), a corporation organized under the laws of the

State of ___________________.

IF GARNISHEE IS AN AGENCY OF A LOCAL, STATE OR FEDERAL GOVERNMENT:

That he/she is the (Insert Official Title) __________________ of Garnishee, (Insert

Name of Agency)_____________________________________________________

_________________________________________________________________

an agency, of (Insert Name of Government) __________________________________

_________________________________________________________________.

***FOR ALL GARNISHEES:***

On __________________, 202__ Garnishee was served with the Writ of Continuing

Garnishment. **For the pay period in effect on the date of service of the Writ of Continuing Garnishment, as indicated above:**

1. Was Defendant-Judgment Debtor ("Debtor") in your employ?

   ___ Yes ___ No

2. Defendant is paid, as follows:

___ weekly; ___ bi-weekly; ___ semi-monthly;

___ monthly; or G other: ____________________________________(please describe).

3. The pay period in effect on the date of service of the Writ of Continuing Garnishment began on ________________________ (Enter date). The pay period ends on ____________________.

4. Calculate amount of Debtor's net wages:

(a) Gross pay $ ______________________________________

(b) Federal income tax deduction $ ______________________________________

(c) F.I.C.A. deduction $ ______________________________________

(d) State income tax deduction $ ______________________________________

(e) Total of tax withholdings $ ______________________________________

(f) Net wages (Subtract (a) from (e)) $ ______________________________________

5. Have previous garnishments been issued with respect to the above-referenced Debtor?

___ Yes ___ No

If the answer is yes, set forth, e.g., dates of garnishment, for whose benefit, court of issue, amount of garnishment.

________________________________________________________________________

________________________________________________________________________

________________________________________________________________________

________________________________________________________________________

________________________________________________________________________

6. Describe below the non-earnings property which the Garnishee has in its custody, control or possession and in which the Debtor maintains an interest:

| Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|
| a. ________________ | $ ____________ | ______________________________ |
| b. ________________ | $ ____________ | ______________________________ |
| c. ________________ | $ ____________ | ______________________________ |
| d. ________________ | $ ____________ | ______________________________ |

7. Describe below any other property which the Garnishee has in its custody, control or possession and in which the Debtor maintains an interest:

| Description of Property | Approximate Value | Description of Debtor's Interest in Property |
|---|---|---|
| a. ________________ | $ ____________ | ______________________________ |
| b. ________________ | $ ____________ | ______________________________ |
| c. ________________ | $ ____________ | ______________________________ |
| d. ________________ | $ ____________ | ______________________________ |

8. Garnishee anticipates owing to the Debtor in the future, the following amounts:

| Amount | Estimate Date or Period Due |
|---|---|
| a. $ ____________ | __________________________ |
| b. $ ____________ | __________________________ |
| c. $ ____________ | __________________________ |
| d. $ ____________ | __________________________ |

Case 1:12-mc-00267-PKC Document 5 Filed 09/11/26 Page 16 of 19

9. (If applicable, check the appropriate items and explain accordingly in the space provided. Include attachments, if necessary.)

__ The Garnishee makes the following claim(s) of exemption on the part of Debtor:

__ The Garnishee has the following objections, defenses, or set-offs to the United States's right to apply Garnishee's indebtedness to Debtor upon Plaintiff's claim:

__ The Garnishee is in no manner and upon no account indebted or under liability to the Debtor, Franklin D. Campbell, or the Garnishee does not have in his/her possession or control any property belonging to the Debtor, or is in no manner liable as Garnishee in this action.

10. The Garnishee has:

a. Filed the original answer via PACER of by mailing by or delivering the answer to:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl St
New York, New York 10007

b. Mailed copies of this answer on __________ by first class mail to:

Franklin D. Campbell,
204 Callecita Pl., Apt 3
Sante Fe, NM 87501

and

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

______________________________
ASPEN SKIING COMPANY
Full Name:
Direct Ph:
Email:

Subscribed and sworn to before me this
____ day of _____________, 202__

____________________________
Notary Public

My Commission expires: __________________________

**ATTACHMENT TO ANSWER OF GARNISHEE**

The Original Answer must be filed by PACER or mailed or delivered to:

Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl St
New York, New York 10007

A Copy of this Answer must be mailed to:

Manfredi Law Group, PLLC
302 East 19th Street, Suite 2A
New York, NY 10003

and

Franklin D. Campbell
204 Callecita Pl., Apt 3
Sante Fe, NM 87501

**Notice of Right to Garnish Federal Benefits**

Date: September 10, 2026

United States of America v. Franklin D. Campbell , 1:12-mc-00267

The attached garnishment order was obtained by the United States, pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3201, et seq.

Accordingly, the garnishee is hereby notified that the procedures established under 31 CFR part 212 for identifying and protecting Federal benefits deposited to accounts at financial institutions do not apply to this garnishment order.

The garnishee should comply with the terms of this order, including instructions for withholding and retaining any funds deposited to any account(s) covered by this order, pending further order of the United States District Court for the Southern District of New York.